# ORIGINAL

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

FILED
DEC -2 2015
OSM
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SONAL PATEL, | |
| Petitioner, | No. 14-421V |
| | Special Master Christian J. Moran |
| v. | Filed: December 2, 2015 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Decision dismissing case; order to show cause. |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Sonal Patel, Stamford, CT, pro se;
Lara A. Englund, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Sonal Patel filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et. seq., on May 15, 2014. Her petition alleged that she suffered injuries, including neurologic impairments, tachycardia, heart/chest palpitations, breast cysts, chest pain, insomnia, physical impairments, Sjorgren's Syndrome-like symptoms, conversion disorder-like symptoms, and/or other injuries, resulting from the receipt of the human papillomavirus ("HPV")

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).
  All decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to delete such information before the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall delete such material from public access. 42 U.S.C. § 300aa–12(d)(4); Vaccine Rule 18(b).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion. Accordingly, it is clear from the record in this case that MS. Patel has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.** The Clerk's Office is instructed to send this decision by certified mail to the last two known addresses for Ms. Patel.

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

IT IS SO ORDERED.

Christian J. Moran
Special Master