**ORIGINAL**

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

**FILED**
**JAN - 8 2016**
OSM
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * *
SONAL PATEL,                              *
                                          *   No. 14-421V
            Petitioner,                   *   Special Master Christian J. Moran
                                          *
v.                                        *   Filed: January 8, 2016
                                          *
SECRETARY OF HEALTH                       *   Attorneys' fees; reasonable basis;
AND HUMAN SERVICES,                       *   withdrawal of counsel
                                          *
            Respondent.                   *
* * * * * * * * * * * * * * * * * * * * *

Sonal Patel, Stamford, CT, pro se;
Michael G. McLaren, Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, former counsel of record for petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for respondent.

### PUBLISHED DECISION DENYING ATTORNEYS' FEES[1]

Represented by an attorney at the onset of this case, Sonal Patel filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa-10 through 34 (2012), on May 15, 2014. Her petition alleged that she suffered injuries, including neurologic impairments, tachycardia, heart/chest palpitations,

---

[1] Because this published decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).
   All decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to delete such information before the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall delete such material from public access. 42 U.S.C. § 300aa–12(d)(4); Vaccine Rule 18(b).

breast cysts, chest pain, insomnia, physical impairments, Sjogren's syndrome-like symptoms, conversion disorder-like symptoms, and/or other injuries, resulting from the receipt of the human papillomavirus ("HPV") vaccination administered to her on November 15, 2012. After Ms. Patel's attorney withdrew his representation, Ms. Patel did not prosecute her case and the case was dismissed.

Before Ms. Patel's attorney withdrew, he filed a motion for an award of attorneys' fees and costs on an interim basis. No action was taken on this motion while the case remained pending. Now, because the merits of Ms. Patel's case have been adjudicated, the motion for attorneys' fees is ripe. The undersigned has reviewed the record and determined that Ms. Patel's case does not fulfill a requirement to be eligible for an award of attorneys' fees — reasonable basis. Therefore, the motion for an award of attorneys' fees and costs is DENIED.

## Procedural History

Ms. Patel's attorney submitted her petition on May 15, 2014. The attorney also submitted medical records six days later. Exhibits 1-9.

After Ms. Patel's attorney filed a statement of completion, an initial status conference was held on October 28, 2014. The parties expressed some interest in attempting to resolve the case. Order, issued Oct. 30, 2014. However, for unknown reasons, Ms. Patel's attorney could not present a demand to the Secretary.

On April 13, 2015, Ms. Patel's attorney filed two motions. One was a motion to withdraw (ECF No. 23). The other was a motion for attorneys' fees and costs (ECF No. 22). Although Ms. Patel filed an objection to the motion to withdraw, the motion to withdraw was granted. Simultaneously, Ms. Patel was ordered to file a status report describing her plan to proceed. Order, issued June 2, 2015. Ms. Patel never responded to this order or to any of several efforts to communicate with her. This failure to prosecute eventually led to the dismissal of her case. Decision, filed Dec. 2, 2015.

With respect to the motion for attorneys' fees, the Secretary filed an opposition. The Secretary presented two arguments. First, the Secretary argued that an award of attorneys' fees on an interim basis was not appropriate. Resp't's Opp'n, filed April 27, 2015, at 2-4. This objection has now been rendered moot, as the motion is being adjudicated after Ms. Patel's merits case has been resolved.

2

Second, the Secretary argued that Ms. Patel's case lacked a reasonable basis. Id. at 4-6.

When the Secretary filed this opposition, Ms. Patel's attorney was still counsel of record. He remained counsel of record for slightly more than one month before his motion to withdraw was granted. During this time, he did not file a reply brief to answer any of the Secretary's objections to the pending request for attorneys' fees.

## Standards for Adjudication

Under the "American rule," each litigant pays for its participation in litigation. Baker Botts, L.L.P. v. ASARCO, L.L.C., 135 S.Ct. 2158, 2160 (2015). However, the Vaccine Act (like many other statutes) shifts the responsibility for fees under certain circumstances. First, when a petitioner in the Vaccine Program receives compensation, the special master "shall" award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e)(1). Because Ms. Patel did not receive compensation, an award of attorneys' fees is not mandatory in this case. Instead, her attorney relies upon a second provision in the Vaccine Act. When the petitioner does not receive compensation, "the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. Thus, non-prevailing petitioners must establish two conditions precedent for being eligible for an award of attorneys' fees: "good faith" and "reasonable basis." Here, the Secretary appears to raise some question about Ms. Patel's good faith as the Secretary states "it is not clear that [Ms. Patel] suffered any injury at all." Resp't's Opp'n at 6. However, resolution of Ms. Patel's good faith is not required because the remaining element (whether "there was a reasonable basis for the claim for which the petition was brought") is dispositive.

The Federal Circuit has not interpreted this phrase or provided any guidance as to how petitioners satisfy the reasonable basis standard. Chuisano v. Sec'y of Health & Human Servs., 116 Fed. Cl. 276, 285 (2014) (citing Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148 (2012)). In the absence of guidance, special masters have taken different approaches. Silva v. Sec'y of Health & Human Servs., No. 10-101V, 2012 WL 2890452, at *8-9 (Fed. Cl. Spec. Mstr. June 22, 2012), mot. for rev. denied, 108 Fed. Cl. 401 (2012).

Recent decisions have examined whether any evidence supports "the claim for which the petition was brought." The statute's use of the phrase "reasonable basis for the claim for which the petition was brought" is consistent with other portions of the statute that require the petition to be filed with evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660, at *8-10 (Fed. Cl. Spec. Mstr. Oct. 25, 2013), mot. for rev. denied, 116 Fed. Cl. 276 (2014).[2] Evidence that is relevant to determining whether there is reasonable basis for a claim may include medical records, affidavits from percipient witnesses, and opinions from retained experts. See 42 U.S.C. § 300aa–11(c).

When some (as yet undefined) quantity and quality of evidence supports the claim for which the petition was brought, then the petitioner satisfies the reasonable basis standard. However, when the only evidence supporting the claim that the vaccine caused an injury is a sequence of events in which the vaccination preceded the injury, then the petitioner does not satisfy the reasonable basis standard. Chuisano, 116 Fed. Cl. at 287 ("Temporal proximity is necessary, but not sufficient.").

"The burden is on the petitioner to affirmatively demonstrate a reasonable basis." McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 305 (2011), decision on remand vacated, 2012 WL 1884703 (May 3, 2012).

### Application

Here, the Secretary challenged the reasonable basis of Ms. Patel's claim that the HPV vaccine harmed her in three respects. First, the Secretary argued that whether Ms. Patel suffered any injury is not clear. The Secretary maintains that "While [Ms. Patel] reported several symptoms to her doctors, none of them were ever confirmed on examination or by testing." Resp't's Opp'n at 6. Second, if Ms.

---

[2] Although the undersigned's decision in Chuisano indicated that petitioners may satisfy the reasonable basis standard by submitting "evidence," the Chief Judge in some respects agreed and in some respects disagreed. The Chief Judge agreed with the emphasis on "evidence." But, the Chief Judge also stated that a more amorphous standard would be appropriate, one that took into account the "totality of the circumstances." Chuisano, 116 Fed. Cl. at 286.

At first blush, the "totality of the circumstances" may seem different from the undersigned special master's approach to look at the evidence. However, the issues the Chief Judge identified as part of the totality of the circumstances are, generally speaking, issues resolved by analyzing evidence. The primary point of departure between the two opinions in Chuisano is whether the actions of the petitioner's attorney are relevant to the reasonable basis inquiry.

4

Patel suffered from any disease or condition, Ms. Patel has not presented any evidence that the HPV vaccine caused that disease or condition. "None of [Ms. Patel's] treating physicians attributed her symptoms to the HPV vaccine, and petitioner never filed an expert report." Id. Third, Ms. Patel has not presented any evidence to satisfy the severity requirement found in the Vaccine Act. See 42 U.S.C. § 300aa–11(c)(1)(D). "There are no medical records dated after April 5, 2013, which is less than five months after the vaccination." Resp't's Opp'n at 6.

As noted above, although the Secretary filed her opposition when Ms. Patel's attorney was her counsel of record, there was no reply filed. Thus, the Secretary's objections remain unanswered. See Vaccine Rule 8(f)(1).

Nevertheless, the undersigned has reviewed the evidence in this case to determine whether the claim alleged in the petition was supported by reasonable basis. See 42 U.S.C. § 300aa–13(a). The undersigned's review of the record confirms the information the Secretary communicated. The most obvious deficiency is that the most recent medical record is from April 5, 2013. Exhibit 5 at 6. An April 5, 2013 report does not fulfill the requirement that problems last for more than six months.[3] Because the attorneys filed the petition on May 15, 2014, slightly more than one year after the April 5, 2013 visit, the attorneys should have gathered additional medical records documenting the existence of a continued health problem.

Similarly, there is a lack of evidence that the HPV vaccine caused any problems. Although some doctors recorded the history that Ms. Patel provided to them that a particular problem or particular problems started after the HPV vaccination, the doctors did not suggest that the HPV vaccination was causally related to any problem. A simple chronology in which the vaccination precedes the onset of symptoms does not establish a reasonable basis for the claim. Chuisano, 116 Fed. Cl. at 287.

In short, the evidence does not cross the reasonable basis threshold. Thus, Ms. Patel is not eligible for an award of attorneys' fees and costs.

---

[3] In this report, Ms. Patel told the doctor that she was experiencing pain in both breasts. However, the doctor stated: "I did my best to reassure her that she has a normal clinical exam, normal imaging, and that many young women experience breast pain, and that it does not increase the risk of breast cancer." Exhibit 5 at 7. Thus, this medical record does not satisfy the Act's severity requirement. In addition, this record does not advance Ms. Patel's claim that HPV vaccine caused her breast pain.

5

If the "totality of the circumstance" test were used to evaluate the reasonable basis for Ms. Patel's claim, then the same result would occur. To an evaluation of evidence, the "totality of the circumstance" test primarily adds a review of the attorney's conduct and this "totality of the circumstance" test might be justified when an attorney is confronted with filing a case shortly before the statute of limitations runs. Id. at 288.[4]

Here, the "totality of the circumstances" does not support a finding that Ms. Patel's claim was supported by reasonable basis. The statute of limitations did not pose any looming deadline. Actually, the attorney had ample time to investigate the case because the attorney filed the case on May 15, 2014, which was approximately 18 months after Ms. Patel was vaccinated (November 15, 2012).[5] The attorney could have spent several more months investigating the case before the statute of limitations would have presented a problem. At a minimum, the attorney should have obtained and filed medical records that demonstrated Ms. Patel's disease or condition extended for more than six months before filing the petition. After the attorney had verified that Ms. Patel could meet this element required for compensation, the attorney could have proceeded to investigate whether Ms. Patel truly suffered any injury because the medical records are not clear on this point.

If the attorney had remained counsel of record, the attorney may have obtained additional evidence that could have supported a finding that Ms. Patel's case was supported by reasonable basis or even a finding that Ms. Patel was entitled to compensation. The statute requires that the persuasive evidence be more than the petitioner's assertions. 42 U.S.C. § 300aa-13(a)(1). But, what could have happened is simply conjecture.[6] Suppositions, plans, and hopes are not grounds for deciding a motion in petitioner's favor.

---

[4] The "totality of the circumstances" seems not to include the Secretary's willingness to consider settlement. Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 152-153 (2012).

[5] A cause of action accrues when the vaccinee experiences "the first symptom or manifestation of onset." 42 U.S.C. § 300aa-16(a)(2). The onset is typically days or weeks after the vaccination. Thus, the reference to when Ms. Patel received the vaccination is merely used as proxy for the onset date to demonstrate that her attorney had time to investigate her claim before he filed it.

[6] Ms. Patel's former attorney represented that Ms. Patel had recorded a phone message from a doctor saying that she inadvertently received a double dose of the HPB vaccine. However, this recording was not filed into evidence. When Ms. Patel played the recording during a status conference, the words were not understandable.

## **Conclusion**

There has not been a demonstration that Ms. Patel's claim was supported by a reasonable basis. Thus, she has not fulfilled one of the prerequisites for an award of attorneys' fees. The April 23, 2015 motion for attorneys' fees is DENIED.

The Clerk's Office is instructed to send this decision by certified mail to the last two known addresses for Ms. Patel. In addition, when this decision becomes available on the court's website (see footnote 1, above), the Clerk's Office shall transmit a courtesy copy of this decision to Ms. Patel's former counsel by facsimile.

**IT IS SO ORDERED.**

*/s/ Christian J. Moran*
Christian J. Moran
Special Master